# NO. 12-22-00240-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BUFORD LEE DIXON,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Buford Lee Dixon appeals his conviction for continuous sexual abuse of a child.[1] Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

According to the evidence presented at trial, K.D., who was ten years old at the time of trial, made an outcry, in which she said that Appellant, who is her father, touched her private area. At a forensic interview the next day, K.D. stated that she and her older sister had a "secret" regarding Appellant but did not disclose sexual abuse.[2] During a subsequent examination by a sexual assault nurse examiner (SANE), K.D. made an additional outcry, in which she told the SANE that Appellant touched "her privates" almost every day and put his mouth and his "boy

---

[1] *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2022).

[2] K.D. and A.D. are not biologically related.

parts" on her private areas. The SANE's forensic examination report stated that K.D. was vaginally and anally penetrated. K.D. testified that Appellant sometimes touched her private spot with his private spot. K.D. disclosed to her counselor that Appellant touched her private parts for a long time, and she told her foster mother that Appellant touched her and A.D. inappropriately. K.D.'s foster mother testified that K.D. had physical symptoms of sexual abuse.

Appellant's mother, E.M., testified that she observed inappropriate behavior between Appellant and K.D.'s older sister, A.D. When E.M. confronted Appellant, he threw her out of his house and cut her out of his life. E.M. also testified that Appellant impregnated A.D. A.D. testified that she met Appellant when her mother and Appellant were in a relationship. A.D. testified that Appellant began touching her private area with his hand when she was in elementary school. A.D. also explained that Appellant eventually began having sexual intercourse with her every night, and he impregnated her when she was approximately fourteen years old and gave her abortion pills. A.D. testified that she saw Appellant put his hand in K.D.'s private area, and K.D. told A.D. that Appellant touched her.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. Appellant elected for the trial court to assess his punishment. The trial judge assessed Appellant's punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We have likewise reviewed the record for reversible error and have found none.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319

We note, however, that the trial court's written judgment incorrectly reflects that the jury assessed Appellant's punishment. We have the authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); ***Asberry v. State***, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the judgment's recitation that punishment was assessed by the jury, we conclude that the judgment should be modified to reflect that the trial court assessed punishment. *See* TEX. R. APP. P. 43.2(b); ***Bigley***, 865 S.W.2d at 27-28, ***Asberry***, 813 S.W.2d at 529.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment ***as modified***. *See* TEX. R. APP. P. 43.2(b).

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

(Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 6, 2023

NO. 12-22-00240-CR

**BUFORD LEE DIXON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1597-20)

---

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that the trial court assessed punishment; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*